ACCEPTED
14-15-00161-cv
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
7/1/2015 4:45:41 PM
CHRISTOPHER PRINE
CLERK

No. 14-15-00161-CV

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
7/1/2015 4:45:41 PM
CHRISTOPHER A. PRINE
Clerk

IN THE
COURT OF APPEALS
FOR THE
FOURTEENTH DISTRICT OF TEXAS

GALVESTON COUNTY JUDGE MARK HENRY,
GALVESTON COUNTY COMMISSIONER RYAN DENNARD,
GALVESTON COUNTY COMMISSIONER JOE GIUSTI,
GALVESTON COUNTY COMMISSIONER STEPHEN HOLMES,
AND GALVESTON COUNTY COMMISSIONER KEN CLARK,
IN THEIR OFFICIAL CAPACITIES AS THE
GALVESTON COUNTY COMMISSIONERS COURT,

Appellants,

V.

KIMBERLY SULLIVAN, JUDGE PROBATE COURT OF
GALVESTON COUNTY

Appellee.

From the 212th Judicial District Court of
Galveston County, Texas

**APPELLANTS' MOTION TO STRIKE
EVIDENCE NOT PART OF THE RECORD**

A.    **Introduction**

1.    Appellants are the individuals serving in their official capacities as the duly elected and qualified members of the Galveston County Commissioners Court.    Appellee is the Honorable Kimberly Sullivan, presiding judge of the

Probate Court of Galveston County.

2.     There is no specific deadline to file this motion to strike evidence not part of the record or to strike unnecessary items from the record. *Cf.* Tex. R. App. P. 34.5(b) (providing that appellate court may require party to pay the costs for the preparation of the unnecessary portion).

3.     The Appellee opposes this motion.

B.     **Arguments & Authorities**

4.     In February 2015, Appellants initiated this interlocutory appeal from the denial of their plea to the jurisdiction. On February 27, 2015, Appellants filed their request for the preparation of the Clerk's Record. *See* CR 241-243[1]. Appellants requested that the Clerk prepare a record including: (1) Plaintiff's Original Petition for Declaratory Judgement; (2) Defendants' Original Answer, Plea to the Jurisdiction and Special Exceptions; (3) Notice of Accelerated Appeal of Interlocutory Appeal and Stay of Trial Court Proceeding; (4) Order on Defendants' Plea to the Jurisdiction; (5) First Amended Notice of Accelerated Appeal of Interlocutory Appeal and Stay of Trial Court Proceeding; (6) Defendants' Request for Preparation of Clerk's Record; (7) Defendants' Request for Preparation of Reporter's Record; (8) the Trial Court's Docket Sheet; and (9) the District Clerk's Certified Bill of Costs. *See id.* This request conformed to the

---

[1] The record in this case consists of the original Clerk's Record, reference to which is by "CR"; and the original Reporter's Record, reference to which is by "RR".

Texas Rule of Appellate Procedure governing the necessary contents of the Clerk's Record. *See* Tex. R. App. P. 34.5(a). Appellee made no request that additional items be included in the Clerk's Record. *See* CR 2-3, 250-251. Nevertheless, the Galveston County District Clerk prepared a record that included all of the filings in Trial Court Cause No. 14-CV-1112. *See id.*

5. Appellants timely filed their brief on March 23, 2015.

6. On April 10, 2015, the Court granted Appellee's motion to extend time to file her brief to and including May 13, 2015. Appellee then filed her brief, on May 12, 2015.

7. On May 27, 2015, the Court granted Appellants' motion to extend time to file a reply brief to and including July 1, 2015. Appellants' filed their reply brief on July 1, 2015, contemporaneously with this motion.

8. Appellee's Brief makes reference to several items that were unnecessarily included in the Clerk's Record and that are not found in the record. Notably, Appellee makes reference to Plaintiff's Response to Defendants' Plea to the Jurisdiction and Special Exceptions and the exhibits thereto ("Response"). *See* CR 48-80. Appellee filed her Response in the trial court on February 2, 2015. However, the Appellee failed to deliver a copy of said Response to the assigned trial court judge or to Appellants' counsel before the trial court's February 6, 2015, hearing on the plea to the jurisdiction. *See* RR 12-13. During the hearing,

Appellee's trial counsel handed the trial court judge a copy of the response. *Id.* Following some brief argument, the judge overruled Appellants' plea to the jurisdiction. *Id.* The trial court judge did not rely upon the Response in making his ruling. *See id; see also* Exhibits A and B. As such, on February 13, 2015, Appellants' counsel delivered a letter to Appellee's trial counsel requesting that the Response be withdrawn. *See* Exhibit A. Three days later, Appellee's trial counsel delivered a letter in response. *See* Exhibit B. In it, he acknowledged that the trial judge did not read the Response before ruling, however, he refused to withdraw it because he claimed there was no prejudice to Appellants. *See id.* After the Appellants appealed the trial court's order denying their plea to the jurisdiction, the Response was improperly included in the Clerk's Record. Although Appellee did not request its inclusion in the Clerk Record and claimed the Response did not prejudice Appellants, she then filed her appellate brief wherein she referred to the Response and submits exhibits to the same as evidence supporting her claims. *See* Appellee's Brief at pgs. 9-12, 16, 24, 28 and Tabs C-E. Further, Appellee refers to Appellants' motion to quash deposition notices, and other matters that are clearly outside the appellate record. *See id.* and Tabs C-G. For instance, Appellee makes reference to a salary grievance process which does not apply to the Galveston County Probate Judge. *See id.* at pgs. 9-10 and Tabs C-E; *cf.* Tex. Loc. Gov't Code § 152.017 (providing that subchapter governing county salary grievance committee

process does not apply to a judge of a court of record); *see also Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex. 1990) (holding that in Texas, the law recognizes that there is no duty to inform others of the requirements of the law because all persons are conclusively presumed to know the law). Further, Appellee's brief refers to a mandamus proceeding that is wholly unrelated to this case (and never mentioned in the record) in efforts to make specious allegations regarding Appellants. *See* Appellee's Brief at pgs. 10-12, 16, 24 , 28 and Tab F.

9.      The Court must hear and determine a case on the record as filed, and may not consider documents attached as exhibits to briefs. *Goad v. Hancock Bank*, No. 14-13-00861-CV, 2015 WL 1640530, at *2 (Tex. App.- Houston [14th Dist.] Apr. 9, 2015); *Texas Dep't of Health v. Rocha*, 102 S.W.3d 348, 354 (Tex. App.- Corpus Christi 2003, not pet.); *RWL Constr., Inc. v. Erickson*, 877 S.W.2d 449, 451 (Tex. App.-Houston [1st Dist.] 1994, no writ); *Mitchison v. Houston Indep. Sch. Dist.*, 803 S.W.2d 769, 771 (Tex. App.-Houston [14th Dist.] 1991, writ denied); *see also* Tex. R. App. P. 34.5 (designation of filings in clerk's record). As such, the portions of Appellee's Brief that cite her Response to Appellants' plea to the jurisdiction, the exhibits attached to that Response, Appellant's discovery motions, the Galveston County salary grievance process, the unrelated mandamus proceedings, and other matters outside the record provide no support for the trial court's ruling or Appellee's arguments on appeal. Therefore, Appellants now file

this motion to strike those portions of the Clerk's Record, the Appellee's Brief, and the exhibits attached to Appellee's Brief as inadmissible evidence and immaterial argument that is not properly part of the record. *See e.g., RWL Const., Inc. v. Erickson*, 877 S.W.2d at 451.

10.     Good cause exists to grant this motion because the above referenced portions of the Clerk's Record and the Appellee's Brief are not pertinent or material to this appeal, the Appellee did not seek their inclusion in the Clerk's Record, and Appellee's counsel refused to withdraw the same from the district clerk's records because she claimed it would not prejudice the Appellants.

## C.     **Conclusion & Prayer**

11.     For the above reasons, Appellants request that the Court grant their motion and enter an order striking the aforementioned portions of the Clerk's Record, the Appellee's Brief, and the exhibits attached to Appellee's Brief as inadmissible evidence and immaterial argument that is not properly part of the record. Appellants further request all other relief to which they may be entitled.

Respectfully submitted,

/s/Phillip Ledbetter
James P. Allison
SBN: 01090000
j.allison@allison-bass.com
J. Eric Magee
SBN: 24007585
e.magee@allison-bass.com

Phillip Ledbetter
SBN: 24041316
p.ledbetter@allison-bass.com

**ALLISON, BASS & MAGEE, L.L.P.**
A.O. Watson House
402 W. 12th Street
Austin, Texas  78701
(512) 482-0701 *telephone*
(512) 480-0902 *facsimile*
*Attorneys for Appellants*

## CERTIFICATE OF CONFERENCE

I certify that I conferred or made a reasonable attempt to confer with appellate counsel for the Appellee, Mr. Mark Stevens, regarding the merits of this motion. Appellee is opposed.

/s/Phillip Ledbetter
Phillip Ledbetter

## CERTIFICATE OF SERVICE

I certify that a copy of this document was served via certified mail, return receipt requested, facsimile, e-mail and/or electronically on this 1st day of July, 2015, to the following:

Mark W. Stevens                                   markwandstev@sbcglobal.net
SBM: 19184300
The Law Office of Mark Stevens
P.O. Box 8118
Galveston, TX 77553
(409) 765-6306 *telephone*
(409) 765-6469 *facsimile*

Alton C. Todd                                     *alton@actlaw.com*
SBN: 20092000
The Law Firm of Alton C. Todd
312 S. Friendswood Drive
Friendswood, Texas 77546
(281) 992-8633 *telephone*
(281) 648-8633 *facsimile*

*Attorneys for Appellee, Hon. Kimberly Sullivan*

/s/Phillip Ledbetter
Phillip Ledbetter

# VERIFICATION

STATE OF TEXAS                    §
TRAVIS COUNTY                     §

Before me, the undersigned notary, on this day personally appeared Phillip Ledbetter, the affiant, a person whose identity is known to me. After I administered an oath to affiant, affiant testified:

1.    "My name is Phillip Ledbetter. I am over 18 years of age, of sound mind, and capable of making this affidavit. The facts in this affidavit are within my personal knowledge and are true and correct.

2.    I am the attorney for Appellants. I have reviewed this motion and have concluded that ever factual statement is supported by competent evidence included in the appendix or the record. All the documents in the appendix to this motion are true copies."


_____
Phillip Ledbetter


Sworn and subscribed in my presence on this the 1st day of July 2015.

CHRISTINA A HODNETT
My Commission Expires
May 23, 2018

_____
Notary Public in and for
The State of Texas
My Commission Expires: